**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLUE SPIKE LLC;<br>BLUE SPIKE INTERNATIONAL LTD;<br>WISTARIA TRADING LTD, | Case No.: 1:22-cv-7600 |
| Plaintiffs. | |
| v. | |
| WARNER MUSIC GROUP CORP;<br>ATLANTIC RECORDING CORPORATION;<br>WARNER-ELEKTRA-ATLANTIC CORP.; and<br>WARNER RECORDS, INC. | |
| Defendants. | |

**PLAINTIFFS BLUE SPIKE LLC, ET AL.'S OPPOSITION TO
DEFENDANTS' 12(b)6 MOTION TO DISMISS**

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT ........................................................................................................3

      A.    The Second Amended Complaint is Sufficiently Detailed ....................3

      B.    Plaintiffs State a Claim for Direct Infringement ...................................6

III.  PLAINTIFF WILL WITHDRAW ITS WILLFUL AND INDIRECT
      INFRINGEMENT ................................................................................................8

IV.   CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S.
662 (2009)..........................................................................................................3

*Automated Tracking Solutions, LLC v. The Coca-Cola Company*,
175 F.Supp.3d 1360 (N.D. Ga. 2016)....................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................3, 5

Deere & Co. v. AGCO Corp.,
Civil Action No. 18-827-CFC, 2019 WL. 668492 (D. Del. Feb. 19, 2019)........9

*Erickson v. Pardus*,
551 U.S. 89 (2007)..............................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A. ,*
563 U.S. 754 (2011)............................................................................9

*Info-Hold, Inc. v. Muzak LLC,*
783 F.3d 1365 (Fed. Cir. 2015). .....................................................10

*Merrill Mfg. Co. v. Simmons Mfg. Co.*,
553 F. Supp. 3d 1297 (N.D. Ga. 2021)..............................................9

*PerDiemCo LLC v. CalAmp Corp.*,
C.A. No. 20-1397-VAC-SRF (D. Del. May 17, 2022).........................5

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
Civil Action No. 18-307RGA, 2018 U.S. Dist. LEXIS 186276 (D. Del. Oct. 31,
2018). .....................................................................................................3

*Sanho Corp. v. Intelliarmor*,
No. 8:20-cv-00735-JLS- DFM, 2020 U.S. Dist. LEXIS 199299 (C.D. Cal. Sep.
25, 2020). .............................................................................................3

## STATUTES

35 U.S.C. § 271 ...............................................................................3, 6

**RULES**

Fed. R. Civ. Pro 12....................................................................................................3

Plaintiffs Blue Spike LLC, ("Blue Spike") Blue Spike International Ltd. ("BSI"), and Wistaria Trading Ltd.'s ("Wistaria") (collectively "Plaintiffs") hereby respectfully oppose Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

The Second Amended Complaint clearly states a claim for patent infringement.

## I.     INTRODUCTION

As set forth in the Second Amended Complaint, Plaintiffs own a number of patents protecting the inventions of Mr. Scott A. Moskowitz, a pioneer in the field of digital encoding, masking and digital watermarking with a very large portfolio of patents.  Defendants Warner Music Group, Atlantic Recording, Warner-Electra, and Warner Records, record music in digital form, and **encode** and **watermark** the digital files for protected distribution to digital streaming music services, like Pandora, Spotify and others. Many of Mr. Moskowitz's patents have been asserted against numerous parties that distribute digital music files encoded by Defendants and by Defendants competitors and customers.

The encoding and watermarking are the Accused Activities, not just the creation of any form of digital file.  The files use encoding which must conform to various industry formats, including AACS, RIAA, SDMI and others, and use encoding and watermarking software such as Verance Cinavia, Widevine Mensor,

1

MQA, Digimarc Aspect and others to achieve the standardized encoding and watermarking.  Because all of the watermarking and encoding (i.e. masking) must conform to the specifications set in the standards, the charting of one software, e.g. MQA, is a directly representative of the other accused formats.

Previous litigations are listed in paragraphs 40 - 43 of the Second Amended Complaint (Dkt. 37, Second Amended Complaint ("SAC"), ¶¶ 41-44).  Many of the Defendants in the prior litigations were and remain customers of Defendants. Defendants were involved as third parties in more than one of the prior litigations because the defendants in prior litigations were accused of distribution of infringing digital files which they had obtained from the Defendants herein.  The assertion of the patents-in-suit against files created and encoded by Defendants is not a new accusation, and Defendants cannot claim to have been unaware of the patents-in-suit prior to this litigation.

Defendants also had knowledge and notice due to general knowledge and participation in the creation, encoding and distribution of digital content where Plaintiffs and their patent portfolio were prominent.

> 58. On information and belief, Warner Music acquired notice and/or knowledge of the Asserted Patents and its infringement thereof as a result of the participation of Blue Spike's and Warner Music's mutual attendance at and participation in industry conferences, organizations, and events where Blue Spike's patent portfolio was discussed. . . .

(SAC at ¶58).

Warner had every reason to know that its digital files were considered infringing; in fact, their files had been specifically accused of infringement in other cases.

## II.   ARGUMENT

### A.   The Second Amended Complaint is Sufficiently Detailed

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Sanho Corp. v. Intelliarmor*, No. 8:20-cv-00735-JLS- DFM, 2020 U.S. Dist. LEXIS 199299, at *4 (C.D. Cal. Sep. 25, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  To state a claim for infringement, "a Plaintiff must allege sufficient facts to show a reasonable inference that the defendant 'without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor.'"  *Promos Techs., Inc. v. Samsung Elecs. Co.*, Civil Action No. 18-307RGA, 2018 U.S. Dist. LEXIS 186276, at *3-4 (D. Del. Oct. 31, 2018) (citing 35 U.S.C. § 271 (a)).

Plaintiff are required to set forth sufficient facts, not all possible facts.  The Second Amended Complaint identifies the specific file formats and the asserted patents, thus setting forth a proper claim for infringement.  It includes four claim charts detailing the accusation of infringement read upon the MQA format used by

each of the Defendants.  The standard for sufficient factual matter is satisfied.

Plaintiffs do not rely on any "legal conclusions" in any part of the Second Amended

Complaint.  The Court should not dismiss Plaintiffs' Second Amended Complaint

because Plaintiffs clearly state a claim for relief.

Even the Defendants' Brief acknowledges that the MQA format is properly

identified and charted:

> "The SAC does not contain any factual allegations purporting to
> show . . . other than the previously identified MQA Format) infringe
> every limitation of any asserted claim of any patent-in-suit."

Dkt. 45, Defendants' Motion, at 1; *see also* Defendants' Brief at 10 ("Thus,

with the exception of the claims asserted regarding the MQA Format,

Plaintiffs' allegations are insufficient to plausibly allege direct

infringement.")  The Court in California, as cited by Defendants, in

examining a parallel action with an identical identification of infringement,

also found this identical pleading sufficient.  *See* Dkt. 45-1 at 4 ("Applying

this standard, the Court finds that the FAC provides fair notice of Plaintiffs'

theory.")

Defendants improperly argue that establishing a basis for infringement of at

least one accused format (e.g., MQA) is insufficient to sustain a claim for

infringement of a patent.  Defendants do not cite a single case in support of this

position.  A plaintiff need not chart every claim and every element of every patent

on every accused device in order to have a sufficient pleading. Detailed charting occurs at the asserted claims and infringement contentions stage. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . claim is and the grounds upon which it rests.'" (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))); *see also Automated Tracking Solutions, LLC v. The Coca-Cola Company*, 175 F.Supp.3d 1360 (N.D. Ga. 2016).

If every accused product had to be specifically named in the complain, there would be no need for infringement contentions or discovery. To the contrary, courts have found that plaintiffs should not be limited to spciofic products enumerated in the complaint. *See, e.g., PerDiemCo LLC v. CalAmp Corp.*, C.A. No. 20-1397-VAC-SRF (D. Del. May 17, 2022) ("Defendant's motion to strike Plaintiff's identification of accused products is . . . DENIED because discovery on the additional 14 accused products is relevant and proportional to the needs of the case, and it would be premature to grant dispositive relief on this issue in the context of a discovery dispute. Defendant cites no authority suggesting that discovery must be limited only to accused products identified in the complaint, and authority from this district establishes that discovery need not be so limited.").

Defendants' argument is not a basis for dismissal, it is at best a request for a more definite statement. In fact, this Court's Local Rules specifically set forth the

requirements and timing for a more definite statement in **Local Patent Rule 6.**

**Disclosure of Asserted Claims and Infringement Contentions:**

> Unless otherwise specified by the Court, not later than forty-five (45)
> days after the Initial Scheduling Conference, a party claiming patent
> infringement must serve on all parties a "Disclosure of Asserted
> Claims and Infringement Contentions," which identifies for each
> opposing party, each claim of each patent-in-suit that is allegedly
> infringed and each product or process of each opposing party of which
> the party claiming infringement is aware that allegedly infringes each
> identified claim.

Specific identification of each and every accused product  is not a requirement at

the initial pleading stage, but becomes a requirement forty-five days after the

scheduling conference.

### B.     Plaintiffs State a Claim for Direct Infringement

Plaintiffs' SAC clearly sets out the assertions of infringement against each

Defendant, identifying the defendants individually and citing specific subsections

of 35 U.S.C. § 271 for each.  The charts for each of the four asserted patents make

clear the theory of infringement.  In paragraphs 45 and 54 of the SAC, the basis for

those assertions is set forth.  The assertions set forth three different ways of

infringement based upon the various subsections of 35 U.S.C. § 271, Accused

Products, Accused Instrumentalities and Accused Methods.   Detailed definitions

of each are included.  The assertions include citations to sections and subsections

of 35 U.S.C. to specify how each of the different forms of infringement fall under

specific language of specific sections of 35 U.S.C.

Defendants, in their Brief, describe the SAC as: "provid[ing] voluminous allegations (including claim charts) to explain their theory as to why the MQA Format allegedly infringes the Asserted Patents."  (Dkt. 45 at 6.)  However, after complementing Plaintiffs on the details of the SAC, Defendants then inexplicably cite case law to allege that Plaintiffs "fail to identify a single specific product that is accused of infringing the Asserted Patents."  (*Id*.)  Yet, Defendants admit that the SAC does in fact identify two formats, i.e., MQA and AACS, and then contradict themselves in the next paragraph, admitting that:

> "Plaintiffs identify 'computing devices and/or software that encode and/or distribute digital content *in the Master Quality Authenticated (MQA) file format*' . . ..  Plaintiffs admittedly describe the MQA Format in various sections in the SAC, and include claim charts detailing purported infringement of the MQA Format."

(*Id*. at 7 (emphasis original).)

Contrary to Defendants' assertion, Plaintiff do not generally accuse unidentified "digital content," the SAC explicitly calls out watermarking and masking and identifies two very specific digital file formats that include watermarking in their specification.  The SAC charts one of those two standards to one claim of each of the asserted patents.  This is sufficient to sustain a complaint for patent infringement.

According to Plaintiffs' knowledge, Defendants produce music directly through their own studios and by working with independent recording studios to

produce music.  A portion of that music is encoded directly by Defendants to conform to several industry standards which specify watermarking parameters and masking parameters.  Music encoded and/or watermarked to the specifications, regardless of the software used to achieve that encoding and watermarking, all infringe the asserted patents in the same manner as charted in the SAC, by practicing the same method of encoding as set forth in the charts attached to the SAC, and thus it is appropriate to refer to them collectively.

Plaintiffs are confident that digital files provided to digital music providers from Defendants are encoded in a manner that infringes the asserted patents.  Even so, it is not possible, without discovery, to determine how many of the files are encoded by which of the Defendants in each of the available formats.  Plaintiffs have made a reasonable effort to determine the participation of the individual Defendants, and has come to the reasonable conclusion, for the purposes of defending a motion to dismiss, that Defendants collectively and individually infringe in a number of formats, including those  set forth in the SAC.  Plaintiffs maintain that the Second Amended Complaint provides sufficient allegations to sustain the assertion of infringement at the initial pleadings stage.

## III.   PLAINTIFF WILL WITHDRAW ITS WILLFUL AND INDIRECT INFRINGEMENT

Plaintiffs accept the decision of the District Court for the Central District of California and withdraw their assertions of indirect infringement and willful

infringement against Defendants herein, without prejudice, despite the well-founded arguments made.[1]  However, Plaintiffs note for the record that Defendants had notice, both direct and constructive, of the asserted patents, and were well aware of the infringement accusations asserted by Plaintiffs against Defendants' customers for use of files encoded by Defendants, as stated in the SAC.  Plaintiffs submit that their allegation of knowledge is plausible and specific and although they may not result in a finding of willfulness or inducement at trial, they are sufficiently plead.  If Defendants are now claiming to have ignored that knowledge, then their admitted willful blindness would support a finding of willfulness and indirect infringement.  *See, e.g., Global-Tech Appliances, Inc. v. SEB S.A.* , 563 U.S. 754, 786 (2011).

> ". . . there was adequate proof that it deliberately disregarded a known risk that SEB had a protective patent; and said that such disregard is not different from, but a form of, actual knowledge." *Id.* at 754. ". . . the Federal Circuit's judgment must be affirmed because the evidence in this case was plainly sufficient to support a finding of Pentalpha's knowledge under the doctrine of willful blindness."

*See also Merrill Mfg. Co. v. Simmons Mfg. Co.*, 553 F. Supp. 3d 1297, 1307 (N.D. Ga. 2021):

> At the pleading stage, however, the Court finds the allegation sufficient to survive a motion to dismiss. *See Deere & Co. v. AGCO Corp.,* Civil Action No. 18-827-CFC, 2019 WL 668492, at *5 (D. Del. Feb. 19, 2019) ("Under those Federal Circuit holdings, which are binding on this Court, to plead a willfulness-based enhanced damages

---

[1] Defendants did not confer with Plaintiff prior to the filing of their motion.  Had Defendants consulted, Plaintiff would have consented to the withdrawal of these assertions without prejudice, as found by the District Court for the Central District of California.

claim, a Plaintiffs need only allege that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known.").

*See also Id.* at 1302, and *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015):

"The knowledge requirement 'may be satisfied by a showing of actual knowledge or willful blindness.'"

Regardless, Plaintiffs withdraw the assertions of indirect infringement and willful infringement without prejudice, but reserve their rights to reassert these allegations in light of compelling discovery.

## IV.  CONCLUSION

The Court should not dismiss the Second Amended Complaint under Fed. R. Civ. P.  12(b)(6).  The Second Amended Complaint properly sets forth sufficient facts upon both information and belief, which if accepted as true, support an assertion of infringement.  Defendants' arguments are not properly directed to the sufficiency of the Complaint.

In the alternative, leave to amend should be "freely given" and is preferable to dismissal and re-filing.

Dated: May 4, 2023                    **DEVLIN LAW FIRM, LLC**

By: *_/s/ Christopher May_*
Christopher May
cmay@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Attorneys for Plaintiffs
*Blue Spike LLC et al.*