UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BLUE SPIKE LLC et al.,                                          :
:
Plaintiffs,              :
:          22-CV-7600 (JMF)
-v-                                 :
:          MEMORANDUM OPINION
WARNER MUSIC GROUP CORP. et al.,                :           AND ORDER
:
Defendants.              :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Blue Spike LLC, Blue Spike International Ltd., and Wistaria Trading Ltd. (collectively, "Plaintiffs") bring this suit for patent infringement against Defendants Warner Music Group Corp., Atlantic Recording Corp., Warner-Elektra-Atlantic Corp., and Warner Records Inc. (collectively, "Defendants"). *See* ECF No. 37 ("SAC"). In particular, Plaintiffs bring claims for direct, indirect, and willful infringement based on four patents. *Id.* ¶¶ 14-26, 61-108. Defendants now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the action. ECF No. 44. Plaintiffs agree, in light of a decision by the U.S. District Court for the Central District of California in a materially identical case, *see Blue Spike LLC v. Universal Music Grp.*, 22-CV-6331 (GW) (JEM), 2023 U.S. Dist. LEXIS 35354, at *8-12 (C.D. Cal. Mar. 1, 2023), to withdraw their claims of indirect infringement and willful infringement, *see* ECF No. 49 ("Pls.' Mem."), at 8-10. Accordingly, these claims are dismissed — and, despite Plaintiffs' request to the contrary, *see id.* at 10, dismissed *with prejudice*, both for the reasons discussed in the California District Court order, *see Blue Spike LLC*, 2023 U.S. Dist. LEXIS 35354, at *8-12, and because "a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice," *Galasso v.*

*Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

That leaves only the claims of direct infringement.  Although Defendants move to dismiss those claims in their entirety as well, they effectively concede that Plaintiffs state a plausible claim with respect to their use of the Master Quality Authenticated ("MQA") Format. *See, e.g.*, ECF No. 45 ("Defs.' Mem."), at 10 ("Thus, *with the exception of the claims asserted regarding the MQA Format*, Plaintiffs' allegations are insufficient to plausibly allege direct infringement." (emphasis added)); ECF No. 50 ("Defs.' Reply"), at 10 (arguing that Plaintiffs' direct infringement claims should be dismissed "for failure to specifically identify, *beyond the MQA Format*, the universe of unidentified products and methods" at issue (emphasis added)). Accordingly, and in line with the California District Court's ruling, *see Blue Spike LLC*, 2023 U.S. Dist. LEXIS 35354, at *6-8, the Court denies Defendants' motion to dismiss to the extent that it seeks dismissal of the direct infringement claims in their entirety.  That said, Defendants are on firm ground in challenging Plaintiffs' efforts to treat the MQA Format as merely an "example," *see, e.g.*, SAC ¶ 46, and to broaden their direct infringement claims beyond that Format, as there are no factual allegations in the Second Amended Complaint that would support doing so, *see, e.g.*, *LaserDynamics USA, LLC v. Cinram Grp., Inc.*, 15-CV-1629 (RWS), 2015 WL 6657258, at *3-4 (S.D.N.Y. Oct. 30, 2015) ("Plaintiff alleges only that '[Defendants'] infringing products include, but are not limited to, *at least* dual-layer DVD-9 discs.' . . . . The parties agree LaserDynamics has met [its] burden with regard to DVD-9 discs.  However, the 'at least' and 'infringing methods' language fails to plead a plausible claim for infringement as to the universe of unidentified products and methods.").[1]  Thus, the Court limits Plaintiffs' direct

---

[1] That is true even as to the AACS Format, which Plaintiffs reference in their memorandum of law in opposition to Defendants' motion.  *See* Pls.' Mem. 7.  The Second

2

infringement claims — and will correspondingly limit discovery — to the MQA Format.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with respect to Plaintiffs' claims of indirect and willful infringement and DENIED with respect to Plaintiffs' claims of direct infringement, which are construed to encompass only the MQA Format. Unless and until the Court orders otherwise, Defendants shall answer Plaintiffs' remaining claims within **two weeks** of the date of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 12(a)(4)(A). In addition, the initial pretrial conference is hereby RESCHEDULED for **November 7, 2023**, at **3:30 p.m.** The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan. *See* ECF No. 9.

The Clerk of Court is directed to terminate ECF No. 44.

SO ORDERED.

Dated: October 12, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

Amended Complaint mentions AACS only twice, *see* SAC ¶¶ 46, 54, and includes no allegations regarding Defendants' use of AACS or how it meets any claim limitations of the patents-in-suit. Accordingly, Plaintiffs do not state a plausible claim with respect to AACS.